# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY DOTY,**

                **Petitioner,**

v.                                                                          **Case No. 06-C-81**

**WILLIAM J. POLLARD,**

                **Respondent.**

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Anthony Doty ("Doty") is incarcerated pursuant to the judgment of a state court and proceeding pro se seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Doty's petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and ordered the respondent to answer the petition as to Doty's claim that he was denied effective assistance of counsel because his trial counsel failed to inform him of the potential defense of imperfect self-defense. Rather than filing an answer, the respondent filed a motion to dismiss Doty's petition as untimely filed and requested that the court stay the time for the respondent to answer the petition until after the motion to dismiss was resolved. The court granted this motion to stay the time for filing an answer and Doty responded to the respondent's motion to dismiss. The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution. The parties have previously consented the full jurisdiction of a magistrate judge.

Doty pled guilty to and was convicted of first degree intentional homicide while armed on June 22, 1992 and sentenced to life in prison on August 10, 1992. (Docket No. 11-2.) On May 18, 1993, Doty filed a motion seeking to withdraw his guilty plea on the grounds that his counsel was ineffective for failing to object when the prosecutor recommended a parole eligibility date of twenty-years when defense counsel had previously told Doty that the prosecutor would "stand

silent" at the sentencing hearing. (Docket No. 11-6 at 3.) Doty's appellate counsel submitted a no-merit report to the court of appeals and the court of appeals affirmed Doty's conviction finding that an appeal lacked arguable merit. (Docket No. 11-3.) On June 23, 1994, Doty, proceeding pro se, moved to voluntarily dismiss his petition for review with the Wisconsin Supreme Court. (Docket No. 11-6 at 4.)

Nearly a decade later, on April 8, 2004, Doty, again proceeding pro se, filed a motion pursuant to Wisconsin Statute § 974.06 seeking to withdraw his guilty plea on the grounds that his trial counsel was ineffective for failing to advise him of the defense of imperfect self-defense, that his trial counsel wrongfully induced him to give up his right to a jury trial, and asking the trial court to retroactively apply a recent case wherein the Wisconsin Supreme Court discussed that applicability of imperfect self-defense to a charge of first degree intentional homicide. (Docket No. 11-6 at 4.) Doty further claimed that his post-conviction counsel was ineffective for failing to raise these issues on direct appeal. (Docket No. 11-6 at 4.) The trial court summarily denied Doty's motion. (Docket No. 11-6 at 5.) The court of appeals affirmed and held that Doty's trial counsel had not been ineffective. (Docket No. 11-6 at 8-9.) On July 28, 2005, the Wisconsin Supreme Court denied Doty's petition for review. Doty's present petition was filed on January 19, 2006.

Because Doty's conviction was final prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established the one-year deadline for filing federal habeas actions, Doty was permitted to file his petition within one year of the effective date of the AEDPA. Therefore, Doty's petition had to be filed by April 24, 1997. See Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997); Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002)).

Time during which challenges to a conviction are pending in state court is excluded from the one-year deadline. 28 U.S.C. § 2244(d)(2). However, following the effective date of the AEDPA, Doty did not file a post-conviction motion in state court until April 8, 2004.

Doty argues that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(D), which permits cases to be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Doty alleges he first became aware of the term "imperfect self-defense" in February of 1994 when reading a report of a psychologist who mentioned that, based upon his review of the facts, Doty might have a potential claim for imperfect self-defense. Although this report was prepared prior to Doty pleading guilty, Doty alleges that his attorney never showed it to him and thus he did not read it until February of 1994. Doty then investigated the state statutes but could not find the term "imperfect self-defense." Doty also did not find the term in any of the case law that he read in regards to his ineffective assistance of counsel claim and thus assumed that the defense no longer existed. (Docket No. 16 at 4.)

It was not until late-2003 when, at the suggestion of another inmate, Doty read the case of State v. Head, 2002 WI 99, 255 Wis. 2d 194, 648 N.W.2d 413 and learned that imperfect self-defense is codified in Wis. Stat. § 940.01(2)(b) under the title "Unnecessary defensive force."

28 U.S.C. § 2244(d)(1)(D) does not extend the deadline for filing a federal habeas petition to within one-year of whenever it is that a prisoner comes to understand the legal basis for his claim. If Doty did not understand what the term "imperfect self-defense" meant, a logical place to start would be a legal dictionary. Blacks Law Dictionary defines imperfect self-defense as, "The use of force by one who makes an honest but unreasonable mistake that force is necessary to repel an attack." Blacks Law Dictionary 1364 (7th Ed. 1999). This definition is entirely consistent with the definition of "Unnecessary defensive force" which is defined as, "Death . . . caused because the

actor believed he or she or another was in imminent danger of death or great bodily harm and that the force used was necessary to defend the endangered person, if either belief was unreasonable." Wis. Stat. § 940.01(2)(b). Thus, due diligence would include recognizing that "unnecessary defensive force" is synonymous with "imperfect self-defense."

Further, even prior to Head, the Wisconsin Supreme Court equated "unnecessary defensive force" as "imperfect self-defense" by referring to Wis. Stat. § 940.01(2)(b) as the "imperfect self-defense statute." State v. Camacho, 176 Wis. 2d 860, 882, 501 N.W.2d 380, 388 (1993) (overruled in part by Head, 2002 WI 99, 255 Wis. 2d 194, 648 N.W.2d 413.)

Therefore, because any claim that Doty may have had regarding the applicability of the affirmative defense of imperfect self-defense was knowable to Doty within one year of the effective date of AEDPA upon the exercise of due diligence, Doty's petition is time barred under 28 U.S.C. § 2244(d)(1) and must be dismissed.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (Docket No. 10) is granted and Doty's petition is dismissed. The clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Doty's motion that the court accept as timely filed his Brief in Opposition, (Docket No. 17) is granted.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

            BY THE COURT:

            s/Aaron E. Goodstein
            AARON E. GOODSTEIN
            U.S. Magistrate Judge