# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY DOTY,**

                **Petitioner,**

v.                                                                                       **Case No. 06-C-81**

**WILLIAM J. POLLARD,**

                **Respondent.**

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

Anthony Doty ("Doty") is incarcerated pursuant to the judgment of a state court and proceeding pro se seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Doty's petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and ordered the respondent to answer the petition as to Doty's claim that he was denied effective assistance of counsel because his trial counsel failed to inform him of the potential defense of imperfect self-defense. Rather than filing an answer, the respondent filed a motion to dismiss Doty's petition as untimely filed and requested that the court stay the time for the respondent to answer the petition until after the motion to dismiss was resolved. The court granted this motion to stay the time for filing an answer and Doty responded to the respondent's motion to dismiss. The parties previously consented the full jurisdiction of a magistrate judge and on July 31, 2007, this court granted the respondent's motion to dismiss.

On August 16, 2007, Doty filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(a). In this motion, Doty argues that the restrictions imposed by 28 U.S.C. § 2254(d) violate the suspension clause of the Constitution, art. I, § 9, cl. 2. The Supreme Court has rejected the argument that restrictions or limitations on a state petitioner's ability to obtain habeas relief from a federal court do not amount to a suspension of the writ in violation of

the Constitution's suspension clause. <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996); <u>see also</u> <u>In re Page</u>, 179 F.3d 1024, 1026 (7th Cir. 1999). It is clear that Doty had the opportunity to pursue federal habeas relief but, as explained in this court's prior order, failed to exercise due diligence in his pursuit of his claim. Therefore, having reviewed Doty's motion and upon due consideration thereof, the court finds no reason to alter or amend the judgment previously entered in this case. Thus, the petitioner's motion is **denied**.

    **SO ORDERED**.

    Dated at Milwaukee, Wisconsin this <u>19th</u> day of October, 2007.

                                        <u>s/AARON E. GOODSTEIN</u>
                                        U.S. Magistrate Judge